## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | | |
|---|---|---|
| TONY M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. : 2:22-cv-02042 |
| v. | ) | |
| | ) | |
| MARK MOSLEY JR., and | ) | |
| THE SHERWIN-WILLIAMS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

### NOTICE OF REMOVAL
---

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants, Mark Mosley Jr. and The Sherwin-Williams Company ("Defendants"), through the undersigned counsel, remove this case from the Circuit Court for the Thirtieth Judicial District of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division.  In support of this Notice of Removal, Defendants state as follows:

### STATEMENT OF GROUNDS FOR REMOVAL

1.      This case arises from a motor vehicle accident that occurred on May 4, 2021, in Memphis, Shelby County, Tennessee, between Plaintiff Tony M. Jones ("Plaintiff") and Defendant Mark Mosley Jr. ("Defendant Mosley").  *See* Pl.'s Compl. ¶ 4.  On December 20, 2021, Plaintiff filed a Complaint for Automobile Negligence ("Complaint") against Defendants in the Circuit Court for the Thirtieth Judicial District, Shelby County, Tennessee with Case Number CT-5019-21 ("State Court Action").

2.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants or otherwise listed on the docket of the State Court Action are attached hereto as "Exhibit A".

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1441 because the Western Division of the United States District Court for the Western District of Tennessee is the federal judicial district embracing Shelby County, Tennessee, where the State Court Action was filed.

4.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1332 because the opposing parties are completely diverse and the amount in controversy exceeds $75,000.00.

5.      This removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it was filed within thirty (30) days of service of Plaintiff's Complaint on Defendants.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of this removal to Plaintiff and filed a copy of the notice with the Clerk of the Circuit Court of the Thirtieth Judicial Circuit, Shelby County, Tennessee.

## REMOVAL IS TIMELY

7.      The time for removal is governed by 28 U.S.C. § 1446(b)(1), which requires that a notice of removal be filed within thirty (30) days of defendant's receipt of plaintiff's initial pleading.

8.      Plaintiff filed his Complaint on December 20, 2021, and Defendant, The Sherwin-Williams Company ("Sherwin-Williams"), was served with the Summons and Complaint on December 28, 2021.

9.      Accordingly, this removal was timely filed pursuant 28 U.S.C. § 1446(b)(1) because it was filed within thirty (30) days of Plaintiff's serving the Summons and Complaint on Sherwin-Williams.  *See* Exhibit A.

**COMPLETE DIVERSITY EXISTS**

10.     Complete diversity exists between the named parties: Plaintiff Tony M. Jones, Defendant Mosley and Defendant Sherwin-Williams.

11.     Plaintiff is an individual and citizen of the state of Tennessee.  *See* Pl.'s Compl. ¶1; *see also* Exhibit A.

12.     Defendant Mosley is an individual and citizen of the state of Mississippi.

13.     Sherwin-Williams is corporation organized under the laws of the state of Ohio with its principal place of business in Ohio.  For the purposes of determining diversity, a corporation is a citizen of both the state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  Therefore, Sherwin-Williams is a citizen of the state of Ohio.

14.     As for First Acceptance Insurance Company, Inc., it is not considered for the diversity jurisdiction analysis because the company is not named or joined.  28 U.S.C. § 1332(c)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter . . .. is between . . . citizens of different States[.]"); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (stating complete diversity must exist between all opposing, **named** parties); Pl.'s Compl. at p.1 (stating ". . . the **unnamed** but served Defendant, First Acceptance Insurance Company, Inc. . . .") (emphasis added).  Additionally, the forum defendant rule only applies to named and joined defendants.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest **properly joined**

and served as defendants is a citizen of the State in which such action is brought." (emphasis added).[1]

15.     Accordingly, Plaintiff's alleged service of his Complaint on First Acceptance Insurance is irrelevant because First Acceptance Insurance is not properly named or joined as a defendant in this action.

16.     Therefore, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332 because all named parties are citizens of different states.

### AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.     This action arises from alleged injuries and damages resulting from a motor vehicle accident.

18.     A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement.  *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993).  When determining the amount in controversy, the Sixth Circuit has held that "a fair reading of . . . unspecified . . . damages" is adequate for a defendant to meet the amount in controversy requirement.  *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 573 (6th Cir. 2001).

19.     Here, Plaintiff's Complaint alleges serious and permanent injuries and significant economic damages, including the following:

     a.     Plaintiff alleges that he sustained multiple, serious, and disabling injuries to his body as a whole, including, but not limited to, his head, hand, left knee, back, and neck;

     b.     Plaintiff alleges that he has endured pain and suffering and may continue to suffer from the injuries arising out of the subject wreck;

---

[1] Similarly, the consent rule is not applicable because First Acceptance Insurance Company, Inc. is not named or joined. *See* 28 U.S.C. § 1446 (b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

c.      Plaintiff alleges that he has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future; and,

d.      Plaintiff alleges that he sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present, and future.

Pl.'s Compl. ¶¶ 15-18.

20.     While Plaintiff's Complaint does not specify an amount of damages, he prays for a judgment in his favor not to exceed $200,000.00.  Pl.'s Compl. at p.8.

21.     Based on the above, Defendants have established that a "fair reading" of the alleged injuries and damages shows that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## CONCLUSION

22.     For the foregoing reasons, this Court has jurisdiction over this matter based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  As discussed, this removal was timely filed, complete diversity of jurisdiction exists between all named parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division.

Dated this 26th day of January, 2022.

Respectfully submitted,

LEWIS THOMASON, P.C.

By:    s/Patrick S. Quinn
Robert F. Chapski, BPR No. 022043
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rchapski@lewisthomason.com

Patrick S. Quinn, BPR No. 35293
40 S. Main Street, Suite 2900
Memphis, TN  38103
(901) 525-8721 (telephone)
(901) 525-6722 (facsimile)
pquinn@lewisthomason.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2022, a copy of the foregoing pleading has been delivered to all parties at interest in this cause via electronic mail, ECF, and/or by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

Jason J. Yasinsky (29514)
488 S. Mendenhall Rd.
Memphis, TN 38117
(901) 259-0424 (telephone)
(901) 746-1570 (facsimile)
jyasinsky@nstlaw.com

*Attorney for Plaintiff*

    s/Patrick S. Quinn
Patrick S. Quinn