IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
DEC 20 2021
CIRCUIT COURT CLERK
BY _____ D.C.

| | |
|---|---|
| **TONY M. JONES,** | |
| **Plaintiff,** | Docket No. CT-_5019-21_ |
| **vs.** | Division: _I_ |
| **MARK MOSLEY JR. and** | |
| **THE SHERWIN-WILLIAMS COMPANY,** | |
| **Defendants.** | |

---

## COMPLAINT FOR AUTOMOBILE NEGLIGENCE

---

**TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:**

**COMES NOW** your Plaintiff, Tony M. Jones, by and through counsel, and files this Complaint against Defendants, Mark Mosley Jr., The Sherwin-Williams Company, and the unnamed but served Defendant, First Acceptance Insurance Company, Inc., for his personal injuries and damages and would respectfully state unto this Honorable Court the following, to wit:

### JURISDICTION AND VENUE

1.      Plaintiff, Tony M. Jones, respectfully alleges that he is an adult resident citizen of Memphis, Shelby County, Tennessee.

2.      Upon information and belief, Plaintiff alleges that Defendant Mark Mosley Jr. is an adult resident citizen of Horn Lake, DeSoto County, Mississippi, residing at 6455 Lynnfield Drive, Horn Lake, Mississippi 38637.

3.      Upon information and belief, Plaintiff alleges that Defendant, The Sherwin-Williams Company, is a corporation with its principal place of business in Cleveland, Ohio, and authorized to and doing business in Tennessee and may be served with process through its designated registered

agent: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

4.     Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile wreck which occurred in Memphis, Shelby County, Tennessee, on or about May 4, 2021.   Jurisdiction and venue are proper with this court.

## FACTS

5.     Plaintiff alleges that at all times material hereto, Defendant The Sherwin-Williams Company, was the registered owner of the vehicle driven by Defendant Mark Mosley Jr.   At all times pertinent to the allegations set forth in this Complaint, Mark Mosley Jr. was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, knowledge, or approval of Defendant The Sherwin-Williams Company, and while in the course and scope of his employment with The Sherwin-Williams Company.   Thus, Plaintiff relies upon Tennessee Code Annotated §55-10-311 and §55-10-312 and the Doctrines of *Respondeat Superior* and Agency, whereupon Plaintiff would allege that every act of negligence as alleged herein against Defendant Mark Mosley Jr., is imputed to Defendant The Sherwin-Williams Company, and it is liable to Plaintiff for his resulting injuries and damages.

6.     Upon information and belief, Plaintiff alleges that on or about May 4, 2021 at approximately 1:00 p.m., Defendant Mark Mosley Jr., was operating a 2017 Ford F650 Super Crew, bearing Tennessee license tag number H467751, VIN #1FDNF6AY6HDB05654, which was owned and maintained by Defendant, The Sherwin-Williams Company.

7.     Plaintiff alleges that at the time of the subject wreck, Plaintiff, Tony M. Jones, was operating a 2019 Chevrolet Corvette bearing Tennessee license tag number 8T39M2, VIN # 1G1YS2D66K5600298, and was traveling in a southbound direction on I-40 East.

8.     Plaintiff alleges that suddenly and without warning Defendant Mark Mosley Jr.,

2

while merging onto I-40 East from White Station Road and while negligently failing to maintain proper control of his vehicle, and/or negligently failing to keep a proper lookout for vehicles already traveling on I-40 East, negligently changed lanes and merged directly in front of Plaintiff's vehicle, without signaling this movement and without warning Plaintiff, and caused the front of Plaintiff's vehicle to strike the rear of the vehicle operated by Defendant Mark Mosley Jr. and owned by Defendant, The Sherwin-Williams Company.

9.      Plaintiff further alleges that the severe impact between Defendants' vehicle and Plaintiff's vehicle resulted in Plaintiff's injuries and damages as a direct result of Defendants' negligence, herein described.

10.      Plaintiff further alleges that First Acceptance Insurance Company, Inc., NAIC #10336, is the uninsured/underinsured motorist insurance carrier, which may be served by delivering a copy of the Summons and Complaint to the Tennessee Commissioner of Insurance located at 500 James Robertson Parkway, Davey Crockett Towers, 5th Floor, Nashville, Tennessee 37243.

## NEGLIGENT ACTS AND/OR OMISSIONS

11.      Plaintiff charges and alleges that Defendant Mark Mosley Jr. is guilty of one, some, or all of the following acts and/or omissions of common law negligence, which are imputed to Defendant The Sherwin-Williams Company, to-wit:

(a)      Negligently failing to use the degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

(b)      Negligently failing to maintain a proper lookout;

(c)      Negligently failing to maintain proper control of the vehicle under the existing circumstances;

3

(d)     Negligently failing to devote full time and attention to the operation of the vehicle;

(e)     Negligently failing to adequately and reasonably monitor the flow of traffic;

(f)     Negligently failing to use reasonable care to avoid injury to others while operating a motor vehicle;

(h)     Negligently failing to yield to other vehicles on the roadway; and

(i)     Negligently failing to warn the Plaintiff.

12.     Plaintiff charges and alleges that at the time of the wreck in question, the following statutes of the State of Tennessee were in full force and effect and were violated by Defendant Mark Mosley Jr., constituting negligence *per se*, and imputed to Defendant, The Sherwin-Williams Company, to-wit:

**Section 55-8-103**     ***Required obedience to traffic laws* –**
*It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title*

**Section 55-8-123**     ***Driving on roadways laned for traffic* –**
*Whenever any roadway has been divided into two (2) or more clearly marked for lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety*

**Section 55-8-136**     ***Drivers to exercise due care* –**
***(b)*** *Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign,*

4

guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

**Section 55-8-142**     ***Turning movements –***
*(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in § 55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until this movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided § 55-8-143 and § 55-8-144 in the event traffic may be affected by this movement.*

**Section 55-8-143**     ***Signals for turns.***
*(a) Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that the movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of the other vehicle of the intention to make such movement.*

**Section 55-10-202**   ***Operating a vehicle contrary to law –***
*(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.*

**Section 55-10-205**   ***Reckless driving.***
*(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.*

13.    Plaintiff charges and alleges that the Defendant Mark Mosley Jr., violated certain ordinances of the City of Memphis which were in full force and effect at the time and place of the collision and applicable as set forth in the City of Memphis Municipal Code, constituting

5

negligence *per se*, and imputed to Defendant, The Sherwin-Williams Company, to wit:

**Section 11-16-2: Duty to devote full time and attention to operating vehicle;**
*It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.*

**Section 11-16-3: Duty to drive at safe speed, maintain lookout keep vehicle under control;**
*Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:*
*1. Operate his vehicle at a safe speed;*
*2. Maintain a safe lookout;*
*3. Use due care to keep his vehicle under control.*

**Section 11-16-14: Driving on roadways laned for traffic;**
*Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:*
*(A) A vehicle shall be driven entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety.*

**Section 11-16-28: Turning movements generally;**
*(A) No person shall turn a vehicle at an intersection, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.*

**Section 11-16-33: Turning and stopping Signals-Generally;**
*The driver of any vehicle who intends to stop or turn, or partly turn from a direct line, shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give an appropriate signal, plainly visible to the driver of such other vehicle, of his or her intention to make such movement. Such signal shall be given continuously for a distance of at least 50 feet before slowing down, stopping, turning, partly turning or materially altering the course of the vehicle. The signal herein required shall be given by means of the hand and arm or by some mechanical or electrical device approved by the state department of safety.*

**Section 11-16-44: Reckless driving;**

6

> *Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving*

14.     Plaintiff charges and alleges that one, some, or all aforesaid acts of common law negligence, violations of the State of Tennessee, and/or violations of Ordinances of City of Memphis by Defendants were the direct and proximate cause of the collision at issue and Plaintiff's resulting injuries to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

15.     Plaintiff, Tony M. Jones, alleges that as a direct and proximate result of the herein above described violations of the common law, state statutes, and city ordinances by Defendants, Plaintiff, Tony M. Jones, sustained multiple, serious, and disabling injuries to his body as a whole, including, but not limited to, his head, hand, left knee, back, and neck,

16.     Plaintiff, Tony M. Jones, alleges that he has endured pain and suffering and may continue to suffer from the injuries arising out of the subject wreck.

17.     Plaintiff, Tony M. Jones, alleges that he has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future.

18.     Plaintiff, Tony M. Jones, further alleges that he has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present, and future.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tony M. Jones, respectfully sues Defendants, Mark Mosely Jr. and The Sherwin-Williams Company, for a reasonable amount of compensation for damages to be determined by a jury of twelve citizens but not to exceed the

7

sum of **TWO HUNDRED THOUSAND DOLLARS AND 00/100 ($200,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

**NAHON SAHAROVICH & TROTZ, PLC**

Jason J. Yasinsky (029514)
Attorney for the Plaintiff
488 S. Mendenhall Rd
Memphis, TN   38117
Phone: (901) 259-0424
Fax: (901) 746-1570

8

# Certificate of Electronic Notification

| Recipients |
| --- |
| **JASON YASINSKY**  - Notification received on 2022-01-06 10:18:53.607. |

<span style="color:red">****** IMPORTANT NOTICE - READ THIS INFORMATION *****</span>

<span style="color:red">NOTICE OF ELECTRONIC FILING [NEF]</span>

–

**A filing has been submitted to the court RE:** CT-5019-21

**Judge:**

Judge HONORABLE FELICIA CORBIN-JOHNSON - Division 30CY

| | |
|---|---|
| **Official File Stamp:** | 01-05-2022:15:31:47 |
| **Notification Date:** | 01-06-2022:10:18:52 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | TONY JONES VS MARK MOSLEY JR |
| **Document(s) Submitted:** | SERVICE COMPLETE - PPS/OTHER SUMMONS - SHERWIN-WILLIAMS COMPANY - 12/28/2021 - PPS |
| **Filed by or in behalf of:** | Jason Yasinsky |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

**The following people were notified electronically:**

JASON J YASINSKY

**The following people have NOT been notified electronically by the Court:**

THE SHERWIN WILLIAMS COMPANY

FIRST ACCEPTANCE INSURANCE COMPANY INC

DIVISION ONE

MARK MOSLEY

TONY M JONES

ELECTRONICALLY FILED
2022 Jan 05 3:31 PM
CLERK OF COURT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. *CT-5019-21*

☑ Lawsuit
◯ Divorce

Ad Damnum $ 200,000.00

| Tony M. Jones | VS | Mark Mosley Jr. and The Sherwin-Williams Company |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

The Sherwin-Williams Company
c/o
Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
● Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Jason J. Yasinsky, Esq.                    Plaintiff's

attorney, whose address is 488 S. Mendenhall Road, Memphis, TN 38117

telephone (901) 259-0424              within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED   *12-20-21*                    By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

*12 - 20*   202*1*

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _28th_ day of _December_, 20_21_ at _11:25_ A-M. a copy of the summons

and a copy of the Complaint to the following Defendant _Sherwin Williams Co % Corporation Service Company_

at _2908 Poston Ave. Nashville TN 37203_

_(Do Not Sign for)_

Signature of person accepting service

By: _Roger Clemons_ Roger Clemons

Sheriff or other authorized person to serve process

_Glenda Sheppard accepted the docs_

_P.O. Box 123_
_Bethpage, TN 37022_

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process

# Certificate of Electronic Notification

| Recipients |
| --- |
| **JASON YASINSKY**  - Notification received on 2022-01-13 12:42:16.288. |

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** CT-5019-21

**Judge:**

Judge HONORABLE FELICIA CORBIN-JOHNSON - Division 30CY

| | |
|---|---|
| **Official File Stamp:** | 01-12-2022:17:13:16 |
| **Notification Date:** | 01-13-2022:12:42:15 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | TONY JONES VS MARK MOSLEY JR |
| **Document(s) Submitted:** | SERVICE COMPLETE - PPS/OTHER Summons- -Mark Mosley Jr--01/03/22--PDQ |
| **Filed by or in behalf of:** | Charlie Moore |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

**The following people were notified electronically:**

JASON J YASINSKY

**The following people have NOT been notified electronically by the Court:**

THE SHERWIN WILLIAMS COMPANY

FIRST ACCEPTANCE INSURANCE COMPANY INC

DIVISION ONE

MARK MOSLEY

TONY M JONES

ELECTRONICALLY FILED
2022 Jan 12 5:13 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. *CT-5019-21*

○● Lawsuit
○ Divorce

Ad Damnum $ 200,000.00

| | | |
|---|---|---|
| Tony M. Jones | VS | Mark Mosley Jr. and The Sherwin-Williams Company |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Mark Mosley Jr.
6455 Lynnfield Road
Horn Lake, MS 38637

Method of Service:

○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **Jason J. Yasinsky, Esq.**                        Plaintiff's

attorney, whose address is **488 S. Mendenhall Road, Memphis, TN 38117**

telephone **(901) 259-0424**                 within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED   *12-20-2021*                 By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

*12-20-*        202*1*

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk and Master        By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _3rd_ day of _Jan_ , 20 _22_ at _11:30_ _M. a copy of the summons

and a copy of the Complaint to the following Defendant _Mark Mosley, Jr._

at _Work Addr Sherwin Williams Lamar Ave_

_____
Signature of person accepting service

By: _____
Sheriff or other authorized person to serve process

State of Tennessee
County of Shelby
Subscribed and sworn to before me
This _3_ day of _Jan._ 20_22_

_Charlie Moore_
Notary Public

CHARLIE R. MOORE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 05, 2023

PDQ Couriers
PO Box 341864
Memphis, TN  38184
901 - 848 - 2853

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**Department of**
**Commerce &**
**Insurance**

FILED

JAN 2 0 2022

CIRCUIT COURT CLERK
BY_____D.C.

January 05, 2022

First Acceptance Ins. Co., Inc.            Certified Mail
P O Box 23410                              Return Receipt Requested
Nashville, TN  37202-3410                  7019 1120 0000 4182 3559
NAIC # 10336                               Cashier # 214355

Re:    Tony M Jones   V.   First Acceptance Ins. Co., Inc.

       Docket # Ct501921

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served December 29, 2021, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams St. Rm 324
    Memphis, Tn  38103

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _CT-5019-21_

◉ Lawsuit
○ Divorce

Ad Damnum $ 200,000.00

| Tony M. Jones | VS | Mark Mosley Jr. and The Sherwin-Williams Company |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

First Acceptance Insurance Company, Inc.
NAIC #10336
Claim #0412101197-002
PLEASE SERVE VIA UNINSURED MOTORIST/UNDERINSURED
MOTORIST STATUTE

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
◉ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Jason J. Yasinsky, Esq.                              Plaintiff's

attorney, whose address is 488 S. Mendenhall Road, Memphis, TN 38117

telephone (901) 259-0424                  within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _12 - 20 - 2021_        By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_12 - 20_ 20 _21_

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master      By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 ____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____        By: _____
Signature of person accepting service                         Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20 _____.

                                                        By: _____
                                                             Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

TONY M. JONES,

     **Plaintiff,**

vs.

MARK MOSLEY JR. and
THE SHERWIN-WILLIAMS COMPANY,

     **Defendants.**

Docket No. CT-5019-21
Division:   I

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT THE SHERWIN-WILLIAMS COMPANY

**COMES NOW** your Plaintiff, pursuant to Rule 33 and Rule 34 of the Tennessee Rules of Civil Procedure, and propounds the following Interrogatories and Requests for Production of Documents to Defendant The Sherwin-Williams Company to be answered by Defendant fully, under oath, and within the time period prescribed by law.

### INTRODUCTORY STATEMENT:

In answering each interrogatory:

As used in these interrogatories, the terms listed below shall be defined as follows:

"Person" means any natural person, firm, association, partnership, governmental agency or other legal entity unless indicated otherwise.

"Document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages,

memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements journals' statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

The word "or" means "and/or;" also, the word "and" means "and/or."

"Written communication" means, without limitation, correspondence, letters, and telegrams whether received or not.

"Oral communication" means both telephone and face to face communication.

"Describe with exact specificity" is a request that when appropriate, the answer contain the details specified in sub-paragraphs 1 through 6 below, including the identification of all documents, written communications and oral communications relied upon or relevant thereto.   If any such details are required in answering more than one interrogatory, repetition is not necessary, providing Defendant supplies complete detail in its answer to one interrogatory and in subsequent answers refers to the page and line number at which the detail was previously supplied.

(1)   As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident or matter claimed to be part of the course of action or conduct including:

    (a)    the date, time and place when it occurred;

    (b)    the identity of each person participating, and a statement of who such person purported to represent;

    (c)    a statement of the subject matter;

2

(2)   As to each person referred to, a statement of his name, occupation, last known address, and last known employment.

(3)   As to each "document" (other than a written communication) mentioned or referred to in the answer, a statement of:

    (a)   its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

    (b)   its title, if any;

    (c)   the date it was prepared;

    (d)   the identity of each person who prepared it, participated in its preparation and/or signed it;

    (e)   who each of the persons referred to in (d) purported to represent;

    (f)   its subject matter, and

    (g)   the name and last known address of the person who presently has custody of it;

(4)   As to each "written communication", a statement of

    (a)   its nature, i.e., letter, memorandum, etc.

    (b)   the date it was signed or sent;

    (c)   the date it was received;

    (d)   the identity of the person to whom it was sent;

    (e)   the identity of any person sent a copy;

    (f)   who each such person purported to represent;

    (g)   the subject matter of the communication;

    (h)   the name and last known address of the person who presently has custody of it.

(5)   As to each "oral communication" mentioned or referred to in the answer, a statement

3

of

    (a)    the persons involved;

    (b)    the date on which it occurred;

    (c)    where it occurred or if a telephone conversation, the place at which each person involved was located;

    (d)    what was said by each person involved.

(6)  The name, last known address, official position of each and every person who supplied the person answering these interrogatories with any of the information contained in the answer to the interrogatory.

Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context.  By way of illustration and not by way of limitation, the singular may be construed to include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses.

Each interrogatory is intended to and does, request that each and every part and particular thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1**:     Plaintiff requests the identity, title, and address of the person and/or persons answering these Interrogatories for and on behalf of The Sherwin-Williams Company.

**INTERROGATORY NO. 2:**    Please state whether Mark Mosley Jr. was an employee of yours at the time of the wreck in question.   Please furnish his social security number, his driver's license number, the state in which he received his driver's license and the exact name of his employer on the date of the subject wreck, May 4, 2021.

**INTERROGATORY NO. 3**:     Please state the capacity in which Mark Mosley Jr. was employed by you on May 4, 2021.   Please give the following information relative to his employment:

    a)    Date of employment;

    b)    Job description;

    c)    How was Mark Mosley Jr. paid, whether salary and/or commissioned and his rate of pay;

    d)  Whether or not he was on or about your business at the time of the wreck in question;

    e)  Exactly what his job duties were for you at the time the wreck in question occurred.

**INTERROGATORY NO. 4:**     Please state whether you required Mark Mosley Jr. to take any type of written or oral test prior to hiring him.   If so, give the nature of the test, the results of the test, and attach a copy of same to Plaintiff's Request for Production.

**INTERROGATORY NO. 5:**     Please state whether you keep in your possession a personnel file on your employee, Mark Mosley Jr. Please attach a photocopy of said employee's file to Plaintiff's Request for Production.

**INTERROGATORY NO. 6:**     Please state whether your employee, Mark Mosley Jr., has been involved in any automobile accidents while employed by you.   Please give the time, date, and place of each accident and state whether said employee received a ticket and/or citation as a result of being involved in said accident and the disposition of same.   Please attach to Plaintiff's Request for Production of Documents any and all copies of any documents, accident reports, and any other written materials that you have in your possession and/or what you are able to acquire relative to said accidents.

5

**INTERROGATORY NO. 7**:   Please state whether your company has ever suspended, disciplined, and/or in any way reprimanded your employee, Mark Mosley Jr., during the time of his employment.  Please attach to Plaintiff's Request for Production of Documents any and all copies of said reprimands and/or disciplinary actions.

**INTERROGATORY NO. 8**:   On the date of the wreck in question, please state the exact business route that your employee, Mark Mosley Jr., was to follow in performing his duties for your company.  Please attach to Plaintiff's Request for Production of Documents photocopy of any and all job descriptions and/or routes to be taken by your employee, Mark Mosley Jr., on the date of the wreck in question.

**INTERROGATORY NO. 9**:   Please state whether your company maintains a file concerning the wreck in question, which is the subject of this lawsuit.  Please give the name, address, and telephone number of the person in whose possession said file is kept and attach to Plaintiff's Request for Production of Documents photocopies of any and all documents contained in said file relative to the wreck in question.

**INTERROGATORY NO. 10**:   Please state whether the vehicle, a 2017 Ford F650 Super Duty, VIN #1FDNF6AY6HDB05654, being operated by Mark Mosley Jr., on the date of the wreck in question, was owned and/or leased by you.  Please attach to Plaintiff's Request for Production of Documents photocopies of the title to said vehicle, any and all lease agreements relative to aid vehicle and/or any other documents evidencing the ownership of said vehicle at the time of the wreck in question.

**INTERROGATORY NO. 11**:   Please state whether you maintain a file concerning repairs and/or maintenance on the vehicle involved in the wreck described in the lawsuit herein. If so, please attach to Plaintiff's Request for Production of Documents a photocopy of said file

6

and/or records showing all repairs and maintenance to said vehicle prior to the wreck in question. Please give the name, address, and telephone number of the person in whose possession said file is kept.

**INTERROGATORY NO. 12:** Please state whether or not the vehicle involved in the wreck in question was operating correctly on the date of the wreck in question and/or whether same was defective in any manner. If same was defective, please list each and every defect in said vehicle at the time of the wreck in question.

**INTERROGATORY NO. 13:** Please describe in detail the damage sustained by the vehicle being operated by your employee, Mark Mosley Jr., at the time of the wreck in question. Please state in monetary sums the amount of damage to vehicle. If said vehicle was repaired, please provide the name, address, and telephone number of the individual making said repairs. Please attach to Plaintiff's Request for Production of Documents a photocopy of the Repair estimate of said vehicle.

**INTERROGATORY NO. 14:** Please give the name, address, and telephone number of any person that you know has knowledge of the facts of the wreck in question, and with regard to the collision upon which the present suit is based, state the names and addresses of any and all persons who, to your knowledge or belief, witnessed the wreck in question, to your knowledge, or belief, were present at the scene of this wreck immediately before and after its occurrence at the time within one hour before and following its occurrence were within sight or hearing of the wreck, were witnesses to any of the events leading up to the wreck or the subsequent investigation and related cause for the day in question. Please state the facts or relevant information that person and/or witness is believed to have knowledge of. Please attach to Plaintiff's Request for Production of Documents a copy of any statements taken from said witnesses.

7

**INTERROGATORY NO. 15:**      State the name, address, and telephone number of each person whom you expect to call as an expert witness at the trial of this cause.   With regard to each such expert witness identified, state the subject matter on which the expert is expected to testify, the subject of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.   Please attach to Plaintiff's Request for Production of Documents copies of your experts' reports, notes, tests, drawings, calculations, books, records, text, computer generated materials, videos, photos, and any other related materials.

**INTERROGATORY NO. 16:**      Please state whether any photographs were taken of the scene of the wreck in question, the vehicle your employee was operating at the time of the wreck in question, and/or Plaintiff's vehicle.   If photographs were taken, please attach copies of said photographs to Plaintiff's Request for Production of Documents and provide the name, address, and telephone number of the person who has possession of original copies of photographs.

**INTERROGATORY NO. 17:**      Please state whether your company took any written statements from anyone concerning the facts of the wreck in question.   If so, please provide the name, address, and telephone number of said individuals.   Please attach copies of said statements to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 18:**      At the time of the wreck in question, please state whether the vehicle involved in the subject wreck was equipped with an on-board computer capable of providing a speed and/or deceleration report, and if so, provide the pertinent copy of such information.

**INTERROGATORY NO. 19:**      Describe the motor vehicle owned by you, which was involved in said collision:

8

1.  Please give the model, make and body type of the vehicle owned by you involved in the said collision;

2.  Describe in detail any markings on the vehicle involved in this collision consisting of legends painted thereon concerning ownership, operation, weight, license, or registration, and provide the location on the vehicle.

3.  Describe all license and/or registration plates carried on the vehicle involved in the collision.

4.  State if the vehicle involved in this collision was being operated under a permit, franchise, or other legal authority granted by a national, state or local government unit, and if so, describe and explain.

**INTERROGATORY NO. 20:**     Does Defendant The Sherwin-Williams Company promulgate, distribute, and require the adherence to, any rules and regulations, with relation to the operation of motor vehicles on its behalf?

**INTERROGATORY NO. 21:**     What was the destination of the motor vehicle owned by Defendant at the time of said collision?

**INTERROGATORY NO. 22:**     Does Defendant The Sherwin-Williams Company · have the possession or control of, or know of the existence of, any maps, pictures, photographs, plats, drawings, diagrams, measurements, or other written descriptions of the wreck, scene of the wreck, the adjacent areas, and/or persons involved or vehicles involved?

**INTERROGATORY NO. 23:**     If the answer to the above interrogatory is in the affirmative, list for each such item its nature, its specific subject matter, the date it was made, or taken, and the present or last known address, place of employment and job title or capacity of the person making or taking it.

**INTERROGATORY NO. 24:**     Did your vehicle carry any load?   If so, state:

1. The nature thereof;

2. Its location in the vehicle;

3. What happened to it at impact;

4. What injury or damage it caused.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please produce a copy of any documents of any kind, nature and description used in answering the above Interrogatories.

**REQUEST NO. 2:**   Please produce a copy of any photographs taken of the vehicle being driven by Mark Mosley Jr. taken by Defendants, their agents, and/or representatives.

**REQUEST NO. 3:**   Please produce a copy of any statement made by Plaintiff to Defendants, their agents, and/or representatives.

**REQUEST NO. 4:**   Please produce a copy of any photographs taken of the scene of the wreck.

**REQUEST NO. 5:**   Please produce a copy of any expert opinions.

**REQUEST NO. 6:**   Please produce a copy of the driver's license belonging to the driver of Defendant The Sherwin-Williams Company's vehicle, Mark Mosley Jr..

**REQUEST NO. 7:**    Please produce and attach a copy of any written or oral test required by you of Mark Mosley Jr. prior to hiring him, giving the nature of the test, the results of the test.

**REQUEST NO. 8:**   Please produce a photocopy of Mark Mosley Jr.'s employee file.

**REQUEST NO. 9:**    Please attach to Plaintiff's Request for Production of Documents any and all copies of any documents, accident reports, and any other written materials that you

have in your possession and/or what you are able to acquire relative to any accidents involving employee Mark Mosley Jr. prior to May 4, 2021.

**REQUEST NO. 10:** If you have ever suspended, disciplined, and/or in any way reprimanded your employee, Mark Mosley Jr., during the time of his employment, please produce any and all copies of said reprimands and/or disciplinary actions.

**REQUEST NO. 11:**   Please produce a photocopy of any and all job descriptions and/or routes to be taken by your employee, Mark Mosley Jr.

**REQUEST NO. 12:**   If your company maintains a file concerning the wreck in question, which is the subject of this lawsuit, please produce a copy of any and all documents contained in said file relative to the wreck in question.

**REQUEST NO. 13:**   Please produce copies of any and all recorded statements given by any possible witnesses to the wreck which is the subject of this Complaint, whether such statements were handwritten, type written, tape recorded, or video recorded.

**REQUEST NO. 14:**   Please attach to Plaintiff's Request for Production of Documents photocopies of the title to the vehicle involved in the subject wreck, any and all lease agreements relative to said vehicle and/or any other documents evidencing the ownership of said vehicle at the time of the wreck in question.

**REQUEST NO. 15:**   If you maintain a file concerning repairs and/or maintenance on the vehicle involved in the wreck described in the lawsuit herein, please attach to Plaintiff's Request for Production of Documents a photocopy of said file and/or records showing all repairs and maintenance to said vehicle prior to the wreck in question.

**REQUEST NO. 16**:   Please produce a copy of any rules and regulations with relation to the operation of motor vehicles on its behalf that Defendant promulgates, distributes, and requires the adherence to by its employees.

Respectfully submitted,

**NAHON SAHAROVICH & TROTZ, PLC**

Jason J. Yasinsky (BPR# 029514)
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee 38117
(901) 259-0424

*Served Contemporaneously with Complaint*

Jason J. Yasinsky

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**FILED**
**DEC 2 0 2021**
**CIRCUIT COURT CLERK**
**BY_____ D.C.**

TONY M. JONES,

    Plaintiff,

vs.

    Docket No. CT- 5019-21
    Division:     I

MARK MOSLEY JR. and
THE SHERWIN-WILLIAMS COMPANY,

    Defendants.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, FIRST ACCEPTANCE INSURANCE COMPANY, INC., AS UNINSURED MOTORIST CARRIER

---

**COMES NOW** your Plaintiff, pursuant to Rule 33 and Rule 34 of the Tennessee Rules of

Civil Procedure, and propounds the following Interrogatories and request for production of

documents to the Interrogatories to the Unnamed Defendant, First Acceptance Insurance

Company, Inc., stated above to be answered by Defendant fully, under oath, and within the time

period prescribed by law.

<u>INTRODUCTORY STATEMENT:</u>

In answering each interrogatory:

As used in these interrogatories, the terms listed below shall be defined as follows:

"Person" means any natural person, firm, association, partnership, governmental agency or

other legal entity unless indicated otherwise.

"Document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to:  papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements journals' statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

The word "or" means "and/or;" also, the word "and" means "and/or."

"Written communication" means, without limitation, correspondence, letters, and telegrams whether received or not.

"Oral communication" means both telephone and face to face communication.

"Describe with exact specificity" is a request that when appropriate, the answer contain the details specified in sub-paragraphs 1 through 6 below, including the identification of all documents, written communications and oral communications relied upon or relevant thereto.  If any such details are required in answering more than one interrogatory, repetition is not necessary, providing Defendant supplies complete detail in its answer to one interrogatory and in subsequent answers refers to the page and line number at which the detail was previously supplied.

(1)  As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident or matter claimed to be part of the course of action or conduct including:

2

(a)    the date, time and place when it occurred;

(b)    the identity of each person participating, and a statement of who such person purported to represent;

(c)    a statement of the subject matter;

(2)  As to each person referred to, a statement of his name, occupation, last known address, and last known employment.

(3)  As to each "document" (other than a written communication) mentioned or referred to in the answer, a statement of:

(a)    its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b)    its title, if any;

(c)    the date it was prepared;

(d)    the identity of each person who prepared it, participated in its preparation and/or signed it;

(e)    who each of the persons referred to in (d) purported to represent;

(f)    its subject matter, and

(g)    the name and last known address of the person who presently has custody of it;

(4)  As to each "written communication", a statement of

(a)    its nature, i.e., letter, memorandum, etc.

(b)    the date it was signed or sent;

(c)    the date it was received;

(d)    the identity of the person to whom it was sent;

(e)    the identity of any person sent a copy;

(f)    who each such person purported to represent;

(g)    the subject matter of the communication;

3

(h)     the name and last known address of the person who presently has custody of it.(5)   As to each "oral communication" mentioned or referred to in the answer, a statement of

(a)     the persons involved;

(b)     the date on which it occurred;

(c)     where it occurred or if a telephone conversation, the place at which each person involved was located;

(d)     what was said by each person involved.

(6)   The name, last known address, official position of each and every person who supplied the person answering these interrogatories with any of the information contained in the answer to the interrogatory.

Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context.  By way of illustration and not by way of limitation, the singular may be construed to include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses.

Each interrogatory is intended to and does, request that each and every part and particular thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Please set forth the name, business and residence address, and telephone number of each person known to you who provided any information, of whatever nature or description, relating to any of your answers to these interrogatories.

**INTERROGATORY NO. 2:**     Please state your decision under T.C.A. section 56-7-1206(a) whether you intend to file pleadings and defend the current cause of action in the name of the owner and/or operator of the uninsured/underinsured motor vehicle in this cause or file pleadings and defend in your own name.

4

**INTERROGATORY NO. 3:**        Do you contend that the collision giving rise to this case was caused in whole or in part by anyone not a party to this case?   If so, identify each such person with specificity, including but not limited to any known information as to the current location of each such person.

**INTERROGATORY NO. 4:**        If you contend that any person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the Complaint, state the factual basis for your contention that the person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the Complaint; and state the name and address of any expert you expect to use to support these contentions.

**INTERROGATORY NO. 5:**        If you alleged an affirmative defense in your Answer to Plaintiff's Complaint, please set forth all facts known to you, or anyone acting in your behalf, which you contend support or corroborate said allegation or defense that the Complaint fails to state a cause of action upon which relief can be granted; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**INTERROGATORY NO. 6:**        Please set forth all facts known to you, or anyone acting in your behalf, which you contend support or corroborate your defense that the Plaintiff was not injured or damaged in any manner or to the extent alleged in the Complaint; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**INTERROGATORY NO. 7:**        Please state whether you will be contending at the trial of this cause whether Plaintiff's injuries listed in the complaint filed in this cause were not

5

more likely than not caused by the car wreck that is the subject of this lawsuit. If your answer is in the affirmative, please state all facts which you will be relying upon at trial to support your contention.

**INTERROGATORY NO. 8:** If you deny negligence or proximate cause, please set forth all facts known to you or anyone acting in your behalf which you contend support or corroborate said denial; the name; business and residence address; and telephone of each person known to you who claims to have such knowledge.

**INTERROGATORY NO. 9:** If you contend that the Plaintiff's claim for damages should be reduced or precluded by virtue of any act or failure to act on the part of the Plaintiff, please set forth each and every fact known to you upon which you base such contention; the name, business and residence address, and telephone number of each person known to you who possesses or claims to possess knowledge of any facts supporting or controverting such contention; an identification of each and every writing relating to said contention; and the name, business and residence address, and telephone number of the present custodian of any such writing.

**INTERROGATORY NO. 10:** With respect to the wreck which is the subject of Plaintiff's Complaint, please state the factual basis for your contention that Plaintiff was guilty of any negligence.

**INTERROGATORY NO. 11:** Do you contend that any circumstance of this case presents a basis to challenge the application of any First Acceptance Insurance Company, Inc. policy otherwise applicable to this case? If so, identify each such circumstance in full detail and explain the basis for which you believe each such circumstance provides a basis to challenge the application of each such policy to the facts of this case.

6

**INTERROGATORY NO. 12:**     Do you contend that any language in the applicable First Acceptance Insurance Company, Inc. policy reduces or eliminates the amount of coverage you may be obligated to pay Plaintiff in the event Plaintiff establishes that Defendants were responsible for the collision giving rise to this case?   If so, identify each such provision in the policy upon which you rely to formulate the basis of your answer, and explain the basis upon which you make each such assertion.

**INTERROGATORY NO. 13:**     Please set forth the name, business and residence address, and telephone number of each person who claims to have seen or heard any of the events or happenings which occurred at the scene of the subject wreck immediately before, at the time of, or immediately after said wreck.

**INTERROGATORY NO. 14:**     Please set forth the name, business and residence address, and telephone number of each person who has knowledge pertaining to how this wreck occurred and the Plaintiff's medical care, and/or the identity or location of persons having knowledge of any facts pertaining to this accident and said medical care.

**INTERROGATORY NO. 15:**     Did First Acceptance Insurance Company, Inc. conduct an investigation as to whether or not Defendants had automobile insurance at the time of this accident?

If you answered in the affirmative to the above question, please provide, in detail, what type of investigation was conducted, and what were the results of this investigation.

**INTERROGATORY NO. 16:**     Please state whether you or anyone action your behalf conducted any investigation on whether Plaintiff has made any type of insurance claim prior to the subject car wreck?   If your answer is in the affirmative, please state any and all databases relied upon to determine whether Plaintiff has made any type of insurance claim.   Additionally,

7

please state the name and address and last known telephone number of any individual who conducted any said investigation.

**INTERROGATORY NO. 17:**     State the name, address, and telephone number of each person whom you expect to call as an expert witness at the trial of this cause.   With regard to each such expert witness identified, state the subject matter on which the expert is expected to testify, the subject of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.   Please attach to Plaintiff's Request for Production of Documents copies of your experts' reports, notes, tests, drawings, calculations, books, records, text, computer generated materials, videos, photos, and any other related materials.

**INTERROGATORY NO. 18:**     Will   you   supplement   your   answers   to   these interrogatories as additional information comes to your attention through further investigation and/or discovery conducted by yourself, your attorneys, or others?

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    Please produce any and all documents which would tend to support any affirmative defenses asserted by Defendants.

**REQUEST NO. 2:**    Please produce any and all documents which would tend to support that Defendants did *not* have a valid automobile insurance policy in effect at the time of this wreck.

**REQUEST NO. 3:**    Please produce any and all documents which would tend to support that Defendants did have a valid automobile insurance policy in effect at the time of this wreck.

**REQUEST NO. 4:**    Please produce a copy of the policy of insurance First Acceptance Insurance Company, Inc. issued to Plaintiff and/or the owner of the vehicle operated by Plaintiff on or about May 4, 2021.

**REQUEST NO. 5:**    Please produce a copy of all documents for payment of the property

8

damage claim of your insured, including, but not limited to, estimates and/or repair bills, photographs, release, checks issued for property damage and car rental and the complete file regarding settlement of your insured's property damage claim.

**REQUEST NO. 6:**   Please produce a copy of any and all medical bills paid by your firm on behalf of your insured and/or the Plaintiff and checks for payment of same under the Medical Pay Provision of your insured and/or the Plaintiff regarding the subject wreck.

**REQUEST NO. 7:**   Please produce copies of any and all photographs of any vehicle involved in the subject wreck or photographs of the scene where the wreck occurred.

**REQUEST NO. 8:**   Please produce any recorded statements of Plaintiff.

**REQUEST NO. 9:**   Please produce any recorded statement of the named Defendants in this case.

**REQUEST NO. 10:**  Please produce all documents evidencing and/or regarding any insurance claim of any type made Plaintiff prior to the subject car wreck.

**REQUEST NO. 11:**   Copies of any and all reports and/or documents prepared by any expert that intends to testify at the trial of this case.

**REQUEST NO. 12:**  Please produce copies of any correspondence between Defendants' or Defendants' counsel and any expert that intends to testify at the trial of this case.

**REQUEST NO. 13:**  Please produce handwritten notes generated because of this case by any expert that intends to testify at the trial of this case.

**REQUEST NO. 14:**  Please produce the CV of any expert that intends to testify at the trial of this case.

**REQUEST NO. 15:**  Please produce a list of all cases in which any expert that intends to testify at the trial of this case has previously testified (including the attorneys involved and the

9

jurisdiction of the case).

**REQUEST NO. 16:** Please produce a list of all depositions in which any expert that intends to testify at the trial of this case has previously testified (including the attorneys involved and the style of the case).

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC


Jason J. Yasinsky (BPR 029514)
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee   38117
(901) 259-0435


*Served Contemporaneously with Complaint*

Jason J. Yasinsky

10

12

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED

DEC 2 0 2021

CIRCUIT COURT CLERK
BY _____ D.C.

TONY M. JONES,

      **Plaintiff,**

**vs.**

**MARK MOSLEY JR. and
THE SHERWIN-WILLIAMS COMPANY,**

      **Defendants.**

Docket No. CT- _5019-21_
Division: _I_

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT MARK MOSLEY JR.

      **COMES NOW** your Plaintiff, pursuant to Rule 33 and Rule 34 of the Tennessee Rules of Civil Procedure, and propounds the following Interrogatories and Request for Production of Documents to the Defendant Mark Mosley Jr. to be answered by Defendant fully, under oath, and within the time period prescribed by law.

### INTRODUCTORY STATEMENT

      In answering each interrogatory:

      As used in these interrogatories, the terms listed below shall be defined as follows:

      "Person" means any natural person, firm, association, partnership, governmental agency or other legal entity unless indicated otherwise.

      "Document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters,

photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

The word "or" means "and/or;" also, the word "and" means "and/or."

"Written communication" means, without limitation, correspondence, letters, and telegrams whether received or not.

"Oral communication" means both telephone and face to face communication.

"Describe with exact specificity" is a request that when appropriate, the answer contain the details specified in sub-paragraphs 1 through 6 below, including the identification of all documents, written communications and oral communications relied upon or relevant thereto. If any such details are required in answering more than one interrogatory, repetition is not necessary, providing Defendant supplies complete detail in its answer to one interrogatory and in subsequent answers refers to the page and line number at which the detail was previously supplied.

(1)   As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident or matter claimed to be part of the course of action or conduct including:

        (a)    the date, time and place when it occurred;

        (b)    the identity of each person participating, and a statement of who such person

2

purported to represent;

    (c)    a statement of the subject matter;

    (2)  As to each person referred to, a statement of his name, occupation, last known address, and last known employment.

    (3)  As to each "document" (other than a written communication) mentioned or referred to in the answer, a statement of:

    (a)    its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

    (b)    its title, if any;

    (c)    the date it was prepared;

    (d)    the identity of each person who prepared it, participated in its preparation and/or signed it;

    (e)    who each of the persons referred to in (d) purported to represent;

    (f)    its subject matter, and

    (g)    the name and last known address of the person who presently has custody of it;

    (4)  As to each "written communication", a statement of

    (a)    its nature, i.e., letter, memorandum, etc.

    (b)    the date it was signed or sent;

    (c)    the date it was received;

    (d)    the identity of the person to whom it was sent;

    (e)    the identity of any person sent a copy;

    (f)    who each such person purported to represent;

    (g)    the subject matter of the communication;

3

(h)      the name and last known address of the person who presently has custody of it.

(5)  As to each "oral communication" mentioned or referred to in the answer, a statement of

(a)      the persons involved;

(b)      the date on which it occurred;

(c)      where it occurred or if a telephone conversation, the place at which each person involved was located;

(d)      what was said by each person involved.

(6)  The name, last known address, official position of each and every person who supplied the person answering these interrogatories with any of the information contained in the answer to the interrogatory.

Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context.  By way of illustration and not by way of limitation, the singular may be construed to include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses.

Each interrogatory is intended to and does, request that each and every part and particular thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Please set forth the name, business and residence address, and telephone number of each person known to you who provided any information, of whatever nature or description, relating to any of your answers to these interrogatories.

**INTERROGATORY NO. 2:**      Please set forth your version of how the wreck which

4

is the subject of this Complaint occurred.

**INTERROGATORY NO. 3:**      Do you contend that the collision giving rise to this case was caused in whole or in part by anyone not a party to this case? If so, state the factual basis for your contention that the person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the Complaint; identify by name, address, and telephone number each person who has knowledge or claims to have knowledge of any such facts; and state the name and address of any expert you expect to use to support these contentions.

**INTERROGATORY NO. 4:**      Please state, as of the time of the wreck, the make, year, model, color, and serial number of the vehicle driven by you; the license number and state of issuance of said license; the registered owner's full name, age, business and residence address, and telephone number; your full name, age, business and residence address, and telephone number; whether you were operating said vehicle with the permission and consent of the registered owner(s); and the name, business and residence address, and telephone number of each person or entity who had an ownership interest in the vehicle at the time of the wreck.

**INTERROGATORY NO. 5:**      If you pled guilty to the violation of any laws pertaining to this wreck, please set forth the name and address of the Court; the date that each pleading was read into the record; and each violation to which you pleaded guilty.

**INTERROGATORY NO. 6:**      If within the last ten (10) years you have been arrested, released from confinement imposed because of a felony conviction or misdemeanor conviction, or if you have been convicted of a felony or a misdemeanor within the last ten (10) years, please set forth the jurisdiction in which you were arrested or convicted; the nature of the criminal offense for which you were arrested or convicted; the date of such arrest or conviction; the date of such release from confinement; and the title of cause and case number.

5

**INTERROGATORY NO. 7:**        If you alleged an affirmative defense in your Answer to Plaintiff's Complaint, pursuant to Tennessee Rules of Civil Procedure numbers 8.03, 11.02 (3) and (4), please set forth all the affirmative facts or factual contentions that have evidenced support known to you, or anyone acting in your behalf, which you contend support or corroborate said allegation or defense; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**INTERROGATORY NO. 8:**        Please set forth all the affirmative facts or factual contentions that have evidenced support known to you, or anyone acting in your behalf, which you contend support or corroborate your defense that the Plaintiff was not injured or damaged in any manner or to the extent alleged in the Complaint; the name, business and residence address, and telephone number of each person known to you who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**INTERROGATORY NO. 9:**        If you deny negligence or proximate cause, pursuant to Tennessee Rules of Civil Procedure numbers 8.03, 11.02 (3) and (4), please set forth all facts known to you or anyone acting in your behalf which you contend support or corroborate said denial; the name; business and residence address; and telephone of each person known to you who claims to have such knowledge.

**INTERROGATORY NO. 10:**        If you contend that the Plaintiff's claim for damages should be reduced or precluded by virtue of any act or failure to act on the part of Plaintiff, pursuant to Tennessee Rules of Civil Procedure numbers 8.03, 11.02 (3) and (4), please set forth the affirmative facts or factual contentions that have evidenced support known to you upon which you base such contention; the name, business and residence address, and telephone number of each

6

person known to you who possesses or claims to possess knowledge of any facts supporting or controverting such contention; an identification of each and every writing relating to said contention; and the name, business and residence address, and telephone number of the present custodian of any such writing.

**INTERROGATORY NO. 11:** With respect to the wreck which is the subject of Plaintiff's Complaint, please set forth your estimate of the speed at which your vehicle was traveling at the time of impact and any facts upon which you base that estimate; the speed limit applicable to the section of road on which your vehicle was traveling immediately prior to the wreck; and whether you applied the brakes on your vehicle prior to impact.

**INTERROGATORY NO. 12:** If you were employed on the date and time of the incident alleged in the Complaint, please identify the name, address and telephone number of your employer, and state the following:

    a.    The beginning date of your employment;

    b.    The name and telephone number of your supervisor; and,

    c.    A description of your duties and responsibilities at said employment.

**INTERROGATORY NO. 13:** Please identify, in chronological order, each place to which you traveled on the date of the wreck, and as to each, please set forth the name of the company located at said place, if said place is a business; if the place is a residence, the name of each person living at said residence; your approximate arrival and departure time at said place; the purpose of said stop at said place; and the name, address, and telephone number of each person with whom you spoke at said place.

**INTERROGATORY NO. 14:** At the time of the wreck, did you suffer from any physical impairment, including but not limited to impairment of the eyes and ears? If so, please

7

set forth the nature of the physical impairment; what effect the impairment had on you at the time of the accident; and the name, address, and telephone number of the doctor/facility where you were last treated for such impairment.

**INTERROGATORY NO. 15:**    Please state whether you had consumed any drugs or alcoholic beverages within 24 hours before this wreck. If so, please set forth the type of each drug or alcoholic beverage consumed; the quantity consumed; the time and place where each drug or alcoholic beverage was consumed; and the identity, including the name, address, and telephone number of any person who witnessed such consumption or use.

**INTERROGATORY NO. 16:**    If you did have a valid license on the date of the wreck, please set forth the state issuing said license, together with the type or class and the license number; all restrictions on said license, if any; the date of issuance of said license; and the date of expiration of said license. If you did not have a valid license on the date of the accident, state whether it was revoked or suspended prior to the happening of this accident. If so, please set forth the state which revoked or suspended said license, together with the date of each revocation or suspension and the reason for each said revocation or suspension.

**INTERROGATORY NO. 17:**    Did you give a statement to any police officer, or any other law enforcement officer or agency, concerning any aspect of this wreck? If so, please set forth, as to any oral statement you gave, how soon after this wreck it was given; the location where you were when you gave it; the content of any such statement; and whether any such police officer offered an opinion as to any aspect of the wreck and, if so, the content of said opinion. As to any written statement you gave, please set forth the location, the time, and the date that it was given; whether you affixed your signature or your initials to any such statements; and whether you have

8

possession, custody, or control of the original or of a copy of each such statement.

**INTERROGATORY NO. 18:**     Please set forth the name, business and residence address, and telephone number of each person who claims to have seen or heard any of the events or happenings which occurred at the scene of the subject wreck immediately before, at the time of, or immediately after said wreck.

**INTERROGATORY NO. 19:**     Please set forth the name, business and residence address, and telephone number of each person who has knowledge pertaining to how this wreck occurred and/or the identity or location of persons having knowledge of any facts pertaining to this wreck.

**INTERROGATORY NO. 20:**     State the name, address, and telephone number of each person whom you expect to call as an expert witness at the trial of this cause. With regard to each such expert witness identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion. Please attach to Plaintiff's Request for Production of Documents copies of your experts' reports, notes, tests, drawings, calculations, books, records, text, computer generated materials, videos, photos, and any other related materials. **(NOTE THAT PLAINTIFF WILL OBJECT TO THE USE AT TRIAL OF ANY EXPERT NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY.)**

**INTERROGATORY NO. 21:**     Please state whether your driver's license has ever been suspended, revoked or cancelled for any reason.

**INTERROGATORY NO. 22:**     If the answer to the preceding Interrogatory is in the affirmative, please state the revoking state and the date and period of revocation.

**INTERROGATORY NO. 23:**     Please list all vehicle accidents that you have been

involved in, in any way, stating the date, location, city and state.

**INTERROGATORY NO. 24:** Were you using a mobile phone and/or wireless device at the time of the subject wreck? If so, please state the type of device, carrier, account number and telephone number (if applicable).

**INTERROGATORY NO. 25:** Please state the carrier, account number, and telephone number of any and all mobile phone and/or wireless device owned or utilized by you during the month in which the subject wreck occurred.

**INTERROGATORY NO. 26:** Please state all traffic citations and/or tickets you have received within the last ten (10) years, stating the jurisdiction, the offense cited and the disposition of each citation.

**INTERROGATORY NO. 27:** Will you supplement your answers to these interrogatories as additional information comes to your attention through further investigation and/or discovery conducted by yourself, your attorneys, or others?

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce any and all documents which support any affirmative defenses asserted by Defendant.

**REQUEST NO. 2:** Please produce any and all documents which support any defense that the Complaint should be dismissed by reason of Plaintiff's failure to state a claim upon which relief can be granted.

**REQUEST NO. 3:** Please produce a copy of the vehicle registration for the vehicle which Defendant driver was driving at the time of the wreck which is the subject of this Complaint.

**REQUEST NO. 4:** Please produce a copy of the title for the vehicle which the

Defendant was driving at the time of the wreck which is the subject of this Complaint.

**REQUEST NO. 5:**   Please produce a copy of the driver's license belonging to the Defendant driver.

**REQUEST NO. 6:**   Please produce copies of any and all recorded statements given by the Defendant driver to the police, whether such statements were handwritten, type written, tape recorded, or video recorded.

**REQUEST NO. 7:**   Please produce copies of any and all recorded statements given by Plaintiff, whether such statements were handwritten, type written, tape recorded, or video recorded.

**REQUEST NO. 8:**   Please produce copies of any and all photographs of any vehicle involved in the subject wreck or photographs of the scene where the wreck occurred.

**REQUEST NO. 9:**   Please provide a complete copy of the cell phone/wireless service provider billing statements for any and all mobile phones and/or wireless devices owned or utilized by you for the month in which the subject wreck occurred.

**REQUEST NO. 10:**   Copies of any and all reports and/or documents prepared by any expert that intends to testify at the trial of this case.

**REQUEST NO. 11:**   Please produce copies of any correspondence between Defendant's or Defendant's counsel and any expert that intends to testify at the trial of this case.

**REQUEST NO. 12:**   Please produce handwritten notes generated because of this case by any expert that intends to testify at the trial of this case.

**REQUEST NO. 13:**   Please produce the CV of any expert that intends to testify at the trial of this case.

**REQUEST NO. 14:**   Please produce a list of all cases in which any expert that intends to

11

testify at the trial of this case has previously testified (including the attorneys involved and the jurisdiction of the case).

REQUEST NO. 15: Please produce a list of all depositions in which any expert that intends to testify at the trial of this case has previously testified (including the attorneys involved and the style of the case).

NAHON SAHAROVICH & TROTZ, PLC

Jason J. Yasinsky (BPR# 029514)
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee 38117
(901) 259-0424

*Served Contemporaneously with Complaint*

Jason J. Yasinsky

12